FILED
CHARLOTTE, NC

JUL 26 2019

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:15CR272-RJC

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>FARSHIEN BAGHALZADEH )<br>)<br>──────────────────────────────── )<br>PETITION OF M. HASSAN )<br>BAGHALZADEH. ) | CONSENT ORDER FOR<br>THIRD PARTY PETITION |

THIS MATTER is before the Court by consent of the United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina and Petitioner M. Hassan Baghalzadeh, through counsel, pursuant to Fed. R. Crim. P. 32.2(c). The Government and Petitioner have consented to this Consent Order for Third Party Petition as a final adjudication and settlement of all matters between Petitioner and the Government with regard to the following property identified in the Consent Order and Judgment of Forfeiture (Doc. 8) ("the Property"): **the real property at 6140 Palomino Ridge, Matthews, North Carolina**, more particularly described as follows in a Commisioner's Deed recorded at Union County, North Carolina, Register of Deeds Book 04360, Page 1:

> **TRACT 1:** Being known and designated as all of Lot 124 in that subdivision known as PROVIDENCE WOODS SOUTH, Phase IV as the same is shown on a map thereof recorded in Map Book 21 at Page 229 in the Mecklenburg County Public Registry; and recorded in Plate Cabinet B in File No. 218B in the Union County Public Registry; reference to which is hereby made for a more particular description.
>
> **TRACT 2:** Being known and designated as all of Lot 125 in that subdivision known as PROVIDENCE WOODS SOUTH; Phases III and IV as the same is shown on a map thereof recorded in Map Book 21 at Page 562 in the Mecklenburg County Public Registry; and recorded in Plat Cabinet B in File No. 301A in the Union

Page 1 of 6

County Public Registry; reference to which is hereby made for a more particular description.

Being the same property acquired by Larry Dale Harris, unmarried, by deed recorded in Book 10884 at Page 984 of the Mecklenburg County Public Registry and in Book 1320 at Page 449 of the Union County Public Registry.

The parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS:**

1. Although the Property is subject to forfeiture pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982, the entirety of the purchase price of the Property cannot, due to the unavailability of some older bank records, be traced to Defendant. Further, Petitioner has asserted under penalty of perjury that he provided some of the purchase price for the Property and otherwise maintains an interest in the Property for purposes of Section 853. Therefore, for purposes of settlement of this matter, Petitioner and the Government agree that (1) Petitioner has satisfied 21 U.S.C. § 853(n)(6) as to the portion of the Property to which he is entitled by this Consent Order and (2) upon payment by Petitioner of the amount set forth herein to the Government, the Property shall be dismissed from this action and the amount tendered by Petitioner shall be forfeited as a substitute *res* herein, in full satisfaction of the pending forfeiture money judgment set forth in the Consent Order and Judgment of Forfeiture.

2. Petitioner has requested the opportunity to obtain a loan secured by the Property in order to pay $205,000 (half of the stipulated $410,000 equity in the Property) to the Government as a substitute *res* for the Property and in full satisfaction of this action against the Property and the pending forfeiture money judgment. The Government has agreed to afford Petitioner a total of 120 days, subject to reasonable

written requests for extension in order to close any loan secured by the Property, to obtain the $205,000, and to tender such amount to the United States. The Government also agrees to work with a closing attorney designated by Petitioner in order to effectuate a loan secured by the Property that would result in payment to the Government. If Petitioner does timely tender the $205,000 to the United States as set forth herein, the United States stipulates to dismissal of the Property from this action.

3. However, if Petitioner does not timely tender the $205,000, Petitioner stipulates to final forfeiture of the Property but the United States agrees that, upon issuance of a final order of forfeiture by this Court and sale of the Property, the United States will pay the greater of $205,000 of the net proceeds of sale or half of the net proceeds of sale to Petitioner. For purposes of this Consent Order, "net proceeds of sale" shall mean all proceeds remaining after deduction for payment of all taxes, liens, and reasonable and necessary expenses of sale and maintenance of the Property.

4. Regardless of whether Petitioner or the Marshals effectuate the sale of the Property, in no event shall the Government or Petitioner be entitled to payment in excess of the amounts identified herein.

5. The payments set forth herein shall be in full settlement and satisfaction of all claims by Petitioner and the United States to the Property and all claims against the United States resulting from the incidents or circumstances giving rise to this case.

6. Petitioner understands and agrees that the United States reserves the right to terminate the forfeiture action at any time. Petitioner and the Government agree to

execute further documents to convey clear title to the Property to implement this Consent Order, to the extent such action is necessary.

7. The Government and Petitioner waive any rights to further litigate between each other in this forfeiture action to the Property and agree that this Consent Order for Third Party Petition shall be in full settlement and satisfaction of all claims between Petitioner and the Government in this action to the Property and all claims between Petitioner and the Government resulting from the incidents or circumstances giving rise to the forfeiture of the Property.

8. Unless specifically directed by an order of the Court, Petitioner shall be excused and relieved from further participation in this action.

**IT IS THEREFORE ORDERED THAT:**

1. Based upon the stipulations of the parties herein that Petitioner satisfies one or more prongs of 21 U.S.C. § 853(n)(6), the parties are hereby ordered to distribute net proceeds of sale or refinance of the Property, whether sale or refinance is orchestrated by Petitioner or the Government, as set forth herein.

2. The Government and Petitioner shall bear their own costs, including attorneys' fees.

3. If Petitioner tenders $205,000, the United States shall file a notice reflecting same, that $205,000 shall be finally forfeited as a substitute res for the Property, and the outstanding forfeiture money judgment shall be deemed satisfied.

Signed this 24th day of July, 2019.

ROBERT J. CONRAD
UNITED STATES DISTRICT JUDGE

ON MOTION OF AND
BY CONSENT OF THE PARTIES:

R. ANDREW MURRAY
UNITED STATES ATTORNEY

_____  Dated: 7/23/19
Benjamin Bain-Creed
Assistant United States Attorney


_____  Dated:_____
M. Hassan Baghalzadeh
Petitioner


_____  Dated:_____
David Smith, Esq.
Attorney for Petitioner

ON MOTION OF AND
BY CONSENT OF THE PARTIES:

R. ANDREW MURRAY
UNITED STATES ATTORNEY

_____  Dated: _____
Benjamin Bain-Creed
Assistant United States Attorney


_____  Dated: 7/20/19
M. Hassan Baghalzadeh
Petitioner


_____  Dated: 7/22/19
David Smith, Esq.
Attorney for Petitioner